TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:     (718) 762-1324

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

SHANFA LI,
*on behalf of himself and others similarly situated,*
                                                                  Plaintiff,
                              v.
CHINATOWN TAKE-OUT INC.
            d/b/a China Town Take Out; and
YECHIEL MEITELES
                                                                  Defendants.
-------------------------------------------------------------x

**Case No:**   5:16-cv-1183 (TJM/DEP)

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

Plaintiff SHANFA LI (hereafter referred to as "Plaintiff"), on behalf of himself and

others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this

complaint against Defendants CHINATOWN TAKE-OUT INC. d/b/a China Town Take Out and

YECHIEL MEITELES alleges as follows:

## INTRODUCTION

1.   This action is brought by Plaintiff, on behalf of himself as well as other similarly situated

     employees against Defendants for alleged violations of the Federal Labor Standards Act,

     ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from

     Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.   Upon information and belief, Defendants have willfully and intentionally committed

     widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

     failing to pay its employees, including Plaintiff, minimum wage and overtime

compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiff and similarly situated employed by ICHIBAN MEI RONG LI INC. d/b/a Ichiban Japanese & Chinese Restaurant work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wage, (2) unpaid minimum wage, (3) unpaid overtime wages, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

5. Plaintiff further alleges pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid wage, (2) unpaid minimum wage compensation, (3) unpaid overtime compensation, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## **JURISDICTION AND VENUE**

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C.

§216(b), 28 U.S.C. § 1331.

7. This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFF**

9. Plaintiff SHANFA LI was employed by CHINATOWN TAKE-OUT INC. d/b/a China Town Take Out at 455 Route 306, Wesley Hills, NY 10952 as a miscellaneous worker.

## **DEFENDANTS**

### *Corporate Defendant*

10. Defendant CHINATOWN TAKE-OUT INC. d/b/a China Town Take Out is a domestic business corporation organized under the laws of the State of New York with a principal address at 455 Route 306, Wesley Hills, NY 10952.

11. Upon information and belief, CHINATOWN TAKE-OUT INC. d/b/a China Town Take Out is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief CHINATOWN TAKE-OUT INC. d/b/a China Town Take Out purchased and handled goods moved in interstate commerce.

### *Owner/ Operator Defendants*

13. The Individual Defendant is an officer, director, manager, majority shareholder and/or owner of the Defendant CHINATOWN TAKE-OUT INC. d/b/a China Town Take Out.

14. As one of the ten largest shareholders, the officer, director, manager, majority shareholder and/or owner is individually responsible for unpaid wages under the New York Business Corporation Law.

15. Owner/ Operator Defendant YECHIEL MEITELES, known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

16. YECHIEL MEITELES asked fry wok ZHANG to find a miscellaneous worker and authorized ZHANG to hire Plaintiff SHANFA LI.

17. YECHIEL MEITELES paid Plaintiff SHANFA LI every payday.

18. Upon personal knowledge of Plaintiff, Owner/ Operator Defendant YECHIEL MEITELES acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with CHINATOWN TAKE-OUT INC. d/b/a China Town Take Out.

## STATEMENT OF FACTS

19. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

### *Plaintiff SHANFA LI*

20. From on or about August 25, 2015 to August 31, 2016, Plaintiff SHANFA LI was employed to work as a miscellaneous worker for CHINATOWN TAKE-OUT INC. d/b/a China Town Take Out.

21. At all relevant times, Plaintiff SHANFA LI's regular work schedule ran from:

    a.  11:00 to 22:00 for eleven (11) hours a day from Sundays through Thursdays for five (5) days a week, and fifty five (55) hours a week;

    b.  11:00 to 14:00 for three (3) on Friday for three (3) hours a week.

22. In general, Plaintiff SHANFA LI would work around fifty eight (58) hours a week.

23. At all relevant days when Plaintiff was not assigned a fixed meal break for lunch or for dinner.

24. Plaintiff would eat his meal within ten (10) to fifteen (15) minute for two (2) to three (3) meals a day. Throughout this time, Plaintiff was on-call. Should the restaurant requires him to stop eating, his meal period ends, and Plaintiff was required to work.

25. Plaintiff was promised a flat compensation of six hundred and fifty dollars ($650) each week.

26. However, Plaintiff was not paid for around eight (8) to nine (9) weeks of work:

27. On the following days, Plaintiff was paid the following flat compensation during his work with Defendants:

    a.September 18, 2015: one thousand three hundred dollars ($1,300);

    b.September 30, 2015: one thousand three hundred dollars ($1,300);

    c.October 11, 2015: two thousand six hundred dollars ($2,600);

    d.November 3, 2015: one thousand three hundred dollars ($1,300);

    e.November 20, 2015: one thousand three hundred dollars ($1,300);

    f. December 3, 2015: six hundred fifty dollars ($650);

    g.December 16, 2015: six hundred fifty dollars ($650);

    h.September 18, 2015: one thousand three hundred dollars ($1,300);

i. December 28, 2015: one thousand three hundred dollars ($1,300);

j. January 8, 2016: one thousand dollars ($1,000);

k. January 15, 2016: three hundred dollars ($300);

l. January 25, 2016: six hundred fifty dollars ($650);

m.  January 29, 2016: six hundred fifty dollars ($650);

n. February 11, 2016: six hundred fifty dollars ($650);

o. February 22, 2016: six hundred fifty dollars ($650);

p. February 29, 2016: six hundred fifty dollars ($650);

q. March 4, 2016: six hundred fifty dollars ($650);

r. March 10, 2016: six hundred fifty dollars ($650);

s. March 17, 2016: six hundred fifty dollars ($650);

t. March 25, 2016: four hundred dollars ($400);

u. April 1, 2016: six hundred dollars ($600);

v. April 12, 2016: six hundred fifty dollars ($650);

w.  April 21, 2016: nine hundred fifty dollars ($950);

x. May 11, 2016: six hundred fifty dollars ($650);

y. May 23, 2016: six hundred fifty dollars ($650);

z. June 10, 2016: one thousand three hundred ($1300);

aa.  June 24, 2016: six hundred fifty dollars ($650);

bb. July 1, 2016: six hundred fifty dollars ($650);

cc. July 8, 2016: six hundred fifty dollars ($650);

dd. July 25, 2016: six hundred fifty dollars ($650); and

ee.  August 5, 2016: one thousand three hundred ($1300).

28. In total, Plaintiff was paid twenty six thousand ($26,000) when he was promised thirty one thousand two hundred dollars ($31,200).

29. As a result, Plaintiff is owed five thousand two hundred dollars ($5,200).

30. At all relevant times, Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

31. Defendants never informed Plaintiff that they were taking tip credit towards the minimum wage.

32. As a miscellaneous worker, Plaintiff did not delivery or wait on restaurant customers and the entirety of his work is non-tipped.

33. Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

34. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt deliverymen, waitstaff, and kitchen staff who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

TTroy

36. Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

37. All said persons, including Plaintiff, are referred to herein as the "Class."

38. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

39. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

40. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.   Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.  Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c.  Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

d.  Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.  Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.  Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g.  Whether Defendants provided full and accurate paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

h.  At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

41.  Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and

Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

42. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

*Superiority*

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving

of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

44. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

47. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
## [Violation of New York Labor Law—Minimum Wage]

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

51. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

52. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

53. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

**COUNT III.**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

56. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

57. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

58. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

59. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

60. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of

the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA

Collectives' labor.

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiff and Collective Class Members the statutory overtime

rate of time and one half for all hours worked in excess of forty (40) per week when they

knew or should have known such was due and that failing to do so would financially injure

Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff]

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

63. An employer who fails to pay the minimum wage shall be liable, in addition to the amount

of any underpayments, for liquidated damages equal to twenty five percent (25%) before

April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and

interest.

64. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime

compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class

are entitled to.

65. Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

66. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff]

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

68. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

69. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff]**

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL§ 162.

72. Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiff work or worked.

73. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

74. Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff]

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. Defendants did not maintain, establish and preserve Plaintiff' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

77. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

78. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff' labor.

79. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on behalf of Plaintiff]

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

82. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or his first day of employment.

83. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

84. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff]

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

87. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff' payday.

88. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000

for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law.

N.Y. Lab. Law §198(1-d).

## COUNT X.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

91. Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349 Brought on behalf of the Plaintiff]

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. New York General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

94. Due to Defendants' violations of New York GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever

is greater, or both such actions.

95. Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)     An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)     An award of wrongfully misappropriated portion of Plaintiff's tips, pursuant to 29 U.S.C. §203(m) and t, NYLL §146-2.18 and NYLL §146-2.20;

h)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

i)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

j)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

k)   An award of liquidated and/ or punitive damages as a result of Defendants' willful

failure to overtime compensation, and "spread of hours" premium pursuant to New

York Labor Law;

l)   An award of costs and expenses of this action together with reasonable attorneys' and

expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)   The cost and disbursements of this action;

n)   An award of prejudgment and post-judgment fees;

o)   Providing that if any amounts remain unpaid upon the expiration of ninety days

following the issuance of judgment, or ninety days after expiration of the time to

appeal and no appeal is then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)   Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York
September 29, 2016

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*

  /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com