# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355

December 11, 2018

**Via ECF**
Hon. Judith C. McCarthy, U.S.M.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:      **Motion to Amend/Supplement Opinion and Order and Judgment**
                  7:16-cv-07787-JCM *Li et al v. Chinatown Take-Out Inc. et al*

Your Honor,

      I represent the plaintiffs in the above-referenced matter. Given that the Court's OPINION AND ORDER dated December 4, 2018 (Dkt. No. 80) decided to award judgement in favor of Plaintiffs, and since the CLERK'S JUDGMENT was issued on December 6, 2018 (Dkt. No. 81), I thought it best to notify the court that the penalty provisions of New York Labor Law, N.Y. C.L.S. Labor § 198(4), for late payment should be denoted in the judgment.

      Section 198(4) provides in relevant part that:

> Any judgment or court order awarding remedies under this section *shall* provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, *the total amount of the judgment shall automatically increase by fifteen percent*.

(emphasis added).

      Rule 60 of the Federal Rules of Civil Procedure gives the Court broad authority to "correct a clerical mistake or a mistake arising from an oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The court may do so on motion or on its own, with or without notice." *Id.* Such a motion or correction "does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c).

      In this regard, it was noted that the Conclusion of the OPINION AND ORDER (Dkt. No. 80, at *26) carefully directs the Clerk of the Court as follows:

> [T]he Clerk of the Court is directed to enter judgment for Plaintiffs and against Defendants jointly and severally, in the following amounts: (1) $119,886.88 to Guiming Shao, which includes: (i) $11,300 in unpaid regular wages, (ii) $44,893.44 in unpaid overtime wages, (iii) $2,500 in statutory damages for wage notice violations

Hon. Judith C. McCarthy, U.S.M.J.
December 11, 2018
7:16-cv-07787-JCM *Li et al v. Chinatown Take-Out Inc. et al*
Page 2 of 2

> under the NYLL, (iv) $5,000 for wage statement violations under the NYLL, and (v) $56,193.44 in liquidated damages; and (2) $30,185.84 to Shanfa Li, which includes: (i) $1,950 in unpaid regular wages, (ii) $8,142.92 in unpaid overtime wages, (iii) $5,000 in statutory damages for wage notice violations under the NYLL, (iv) $5,000 for wage statement violations under the NYLL, and (v) $10,092.92 in liquidated damages. The Clerk of the Court is further directed to calculate prejudgment interest as described herein.

The CLERK'S JUDGMENT faithfully followed these directions.

However, there was no mention of inclusion of the applicable language of Section 198(4) for late payment, and there is thus no corresponding language in the CLERK'S JUDGMENT. As such, it is respectfully requested that the court also direct the Clerk of the Court to amend the judgment to include the following provision:

> If any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by New York Labor Law § 198(4).

Typically, this language is placed after a recitation of the damage amounts being awarded to particular Plaintiffs, which is often towards the end of an order or judgment (for Plaintiffs) in a New York Labor Law matter. Examples can be found at Dkt. No. 64 in SDNY 1:17-cv-10172; Dkt. No. 82 in SDNY 1:17-cv-03787; Dkt. No. 39 in SDNY 1:15-cv-07465; and Dkt. No. 80 in SDNY 1:15-cv-02697.

I thank the Court for its attention to and consideration of this matter.

Respectfully submitted,
TROY LAW, PLLC

 /s/ Aaron Schweitzer
Aaron B. Schweitzer
*Attorney for Plaintiffs*

cc: via ECF
    all counsel of record