UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHANFA LI and GUIMING SHAO
*on behalf of themselves and others similarly situated*,

Plaintiffs,

-against-

CHINATOWN TAKE-OUT INC.
d/b/a China Town Take Out; and
YECHIEL MEITELES,

Defendants.
-------------------------------------------------------------X

**OPINION AND ORDER**

16 Civ. 7787 (JCM)

Plaintiff Shanfa Li ("Li") commenced this action against Defendants Chinatown Take-Out, Inc., d/b/a Chinatown Take Out, and Yechiel Meiteles (collectively, "Defendants") seeking damages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Docket No. 1).  Plaintiff Guiming Shao ("Shao") filed a consent to become a party plaintiff on November 29, 2016. (Docket No. 7).  This action proceeded to a bench trial, after which the undersigned found the Defendants liable to Plaintiffs for unpaid regular wages, unpaid overtime and liquidated and statutory damages. (Docket No. 80) ("Decision").[1]  Plaintiffs appealed the judgment seeking to augment the damages award, (Docket No. 97), and Defendants cross-appealed, (Docket No. 106).  The Second Circuit affirmed the Decision on May 28, 2020. (Docket No. 112).

Presently before the Court is Plaintiffs' motion for attorneys' fees they incurred on appeal ("Motion"). (Docket No. 108).  Defendants opposed the Motion, (Docket No. 113), and Plaintiffs

---

[1] The parties consented to the jurisdiction of the magistrate judge over all proceedings in this matter, including trial, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 36).

replied, (Docket No. 114).  For the reasons set forth herein, Plaintiffs' motion for attorneys' fees is granted in part and denied in part.

## I.      BACKGROUND

Following a bench trial that took place on August 22 and 27, 2018 before the undersigned, the Court found the Defendants jointly and severally liable for violating the FLSA and NYLL. (*See generally* Decision).  The Court further found that Plaintiffs Li and Shao (collectively, "Plaintiffs") were entitled to $119,886.88 and $30,185.84, respectively, in damages and interest. (*Id.* at 26-27).[2]  Judgment was entered in Plaintiffs' favor on December 6, 2018. (Docket No. 81).

Thereafter, Plaintiffs moved to amend the judgment, (Docket No. 82), and for $97,128.01 in attorneys' fees and costs, (Docket Nos. 86-87).  On January 3, 2019, Defendants also moved to alter or amend the judgment. (Docket No. 89).  While the post-judgment and attorneys' fees motions were pending, Plaintiffs appealed the Decision, challenging the Court's findings regarding the amount of work Plaintiffs performed without compensation and the statutory damages that Plaintiffs were entitled to under the NYLL. (Docket No. 97).  On March 8, 2019, the Second Circuit held Plaintiffs' appeal in abeyance pending the Court's resolution of the parties' motions to alter or amend the judgment. (Docket No. 103).  Subsequently, the Court granted Plaintiffs' motion to amend the judgment and denied Defendants' motion to alter or amend the judgement. (Docket No. 105 at 16).  The Court also awarded Plaintiffs $50,956.00 in attorneys' fees and $3,138.01 in costs. (*Id.*).

Defendants then filed a cross-appeal challenging the Court's determinations regarding Plaintiffs' claims for regular wages and damages and its denial of Defendants' motion to alter or

---

[2] All page number citations refer to the ECF page number unless otherwise noted.

amend the judgment. (Docket No. 106).  Thereafter, the Second Circuit lifted the abeyance of

Plaintiffs' appeal, consolidated the appeals as cross-appeals, and set a briefing schedule. (Docket

Nos. 107, 109 ¶ 18).  On October 3, 2019, Plaintiffs filed a brief in support of their direct appeal

and joint appendices addressing both the direct and cross-appeals. (Docket No. 109 ¶ 19; Pl. Br.

at 5).  Plaintiffs submitted their reply brief on January 13, 2020, which primarily served as an

opposition to Defendants' cross-appeal. (Docket No. 109 ¶ 19).

On May 7, 2020, the Second Circuit issued a Summary Order affirming the Decision.

(Docket No. 112).  Then, on May 21, 2020, Plaintiffs moved this Court for $15,054.50 in

attorneys' fees incurred on appeal, (Docket No. 108), accompanied by a memorandum of law,

(Docket No. 110) ("Pl. Br."), Plaintiffs' counsel's affidavit, (Docket No. 109) ("Troy Aff."), and

contemporaneous billing records, (Docket No. 109-2) ("Pl. Invoices").  Defendants submitted a

memorandum of law in opposition to the Motion, (Docket No. 113) ("Def. Br."), and Plaintiffs

replied, (Docket No. 114) ("Pl. Reply").

On May 21, 2020, both parties submitted an Itemized Bill of Costs to the Second Circuit.

(2d Cir. Docket Nos. 113, 116).  The Second Circuit denied both requests for costs. (2d Cir.

Docket No. 124).

## II.    DISCUSSION

### A.    Appellate Attorneys' Fees

"Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys'

fees." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  Further, a plaintiff may be

entitled to attorneys' fees expended successfully defending a judgment in their favor on appeal.

*See, e.g.*, *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017); *accord Anderson v. Cty. of*

*Suffolk*, CV 09-1913 (GRB), 2016 WL 1444594, at *8 (E.D.N.Y. Apr. 11, 2016) ("Courts have

held that a 'reasonable paying client would undoubtedly be willing to pay for services of skilled

appellate counsel to defend' a verdict won at trial.") (quoting *Luca v. Cty. of Nassau*, 698 F. Supp. 2d 296, 303 (E.D.N.Y. 2010)).  For attorneys' fees purposes, a plaintiff is considered the prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Moreover, "barring unusual circumstances . . . determination of a reasonable [appellate] attorney's fee under the fee-shifting statutes should normally be decided by the district court in the first instance." *Dague v. City of Burlington*, 976 F.2d 801, 804 (2d Cir. 1991). "The district court is given broad discretion in granting a fee award" based on "the circumstances of the case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997).  When determining a reasonable fee award, "the district court must calculate a 'lodestar figure,' based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." *Id.*  Although the lodestar figure is the presumptively reasonable fee, it may be reduced or increased depending on case specific circumstances. *See Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 245 (S.D.N.Y. 2010).  Thus, the district court must: "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Adorno v. Port Authority of New York and New Jersey*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2011).

Plaintiffs seek compensation for 40.47 hours of counsel's work related to prosecuting Plaintiffs' direct appeal and defending against Defendants' cross-appeal. (Troy Aff. ¶ 47; Pl. Reply at 6; *see also* Pl. Invoices).[3]  Defendants argue that Plaintiffs are not entitled to any

---

[3] Plaintiffs ostensibly concede in their Motion that they are not entitled to fees for time expended on their direct appeal.  In fact, Plaintiffs' Motion, by its terms, seeks only those fees "expended in defending this Court's judgment on cross-appeal," (Docket No. 108), and Plaintiffs argue in their brief that they are the prevailing party only with respect to the cross-appeal, (*see* Pl. Br.).  However, in their Reply, Plaintiffs change their position and argue that

appellate attorneys' fees, or alternatively, that the fee award should be limited to those fees incurred in defending against the cross-appeal. (Def. Br. at 4).  Since the Second Circuit dismissed Defendants' cross-appeal, Plaintiffs are the prevailing party with respect to the cross-appeal. *See Hines*, 862 F.3d at 223 (finding that plaintiffs retained their prevailing party status on appeal where "plaintiffs were the prevailing party on the merits of their claim and successfully defended against the defendants' challenge"); *but see Hines v. City of Albany*, 1:06-CV-1517 (GTS/RFT), 2017 U.S. Dist. LEXIS 222260, at *12-13 (N.D.N.Y. Nov. 30, 2017) (finding on remand that the Second Circuit's directive that appellate attorneys' fees should be awarded where "plaintiffs were the prevailing party on the merits of their claim and successfully defended against the defendants' challenge," did not mean that the "'prevailing party' mantle" applied to the entirety of the appeal, and concluding that plaintiffs were not the prevailing party with respect to their unsuccessful cross-appeal).  Consequently, Plaintiffs are entitled to attorneys' fees for defending against the cross-appeal even though their direct appeal was unsuccessful. *See Hines*, 2017 U.S. Dist. LEXIS 222260, at *12-13.

Plaintiffs presently seek $15,054.50 for fees incurred during the appellate proceedings. (*See* Docket Nos. 108-110).  The Court will only grant reasonable attorneys' fees for Plaintiffs' counsel's work defending the cross-appeal.  To assess the reasonableness of the fees, the Court will first assess the reasonableness of the hourly rates requested by Plaintiffs.

1.    **Reasonable Hourly Rates**

"A reasonable hourly rate represents what 'a reasonable, paying client would be willing to pay,'" and takes into consideration a host of case specific factors. *See Echevarria v. Insight*

---

they are also entitled to fees expended on the direct appeal. (*See* Pl. Reply at 6-10).  The Court thus interprets Plaintiffs' Motion as requesting full attorneys' fees incurred on appeal.

*Med., P.C.*, 102 F. Supp. 3d 511, 516 (S.D.N.Y. 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008)).  When determining a reasonable rate, a district court looks to rates awarded to "counsel of similar experience and skill" as the fee applicant's counsel. *Id.* (quoting *Townsend v. Benjamin Enter., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012)).  The fee applicant bears the burden of demonstrating that the requested hourly rates are reasonable, that is, that they are the prevailing market rates in the relevant forum. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  The relevant forum for purposes of the lodestar calculation is "the district in which the reviewing court sits." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017).

Plaintiffs seek compensation for the work of two attorneys: John Troy ("Troy") and Aaron Schweitzer ("Schweitzer"). (*See generally* Troy Aff.).  At the outset, as discussed *infra*, the Court finds that Mr. Troy did not perform any compensable work on this matter, as Plaintiff's billing records indicate that Mr. Troy only worked on Plaintiffs' failed direct appeal, which is not compensable. (*See* Pl. Invoices at 1); *infra*, Section II(A)(2).  Accordingly, the Court need not opine on a reasonable hourly rate for Mr. Troy.

Plaintiffs request that Mr. Schweitzer be compensated at an hourly rate of $350. (Troy Aff. ¶ 47).  Mr. Schweitzer is an associate at Troy Law, PLLC. (Troy Aff. ¶ 40).  He graduated law school in 2016 and was admitted to practice law in New York in 2018. (*Id.*).  Plaintiffs curiously request a higher rate for Mr. Schweitzer's work on the appeal than they sought for his work at the trial level on the grounds that Mr. Schweitzer "mostly specialize[s] in trial litigation." (*See* Pl. Reply at 10-12).  Defendants contend that Mr. Schweitzer should be compensated at an hourly rate of $150, since the Court found $150 to be a reasonable rate for Mr. Schweitzer's work at trial. (Def. Br. at 8).

The Court adheres to the $150 hourly rate previously awarded to Mr. Schweitzer. (Docket No. 105); *see also Zhong Fa Qin v. Sensation Neo Shanghai Cuisine, Inc*., 15-CV-6399 (KAM), 2018 WL 4853041, at *2 (E.D.N.Y. Oct. 4, 2018) (awarding Mr. Schweitzer an hourly rate of $100 for his work on a wage-and-hour case in the Eastern District of New York). Plaintiffs' argument that Mr. Schweitzer is entitled to a higher rate for the work he performed on appeal than at the trial level is unavailing.  There is no evidence that Mr. Schweitzer has *any* appellate experience, (*see* Troy Aff.), and it is unlikely that a reasonable paying client would pay a higher rate for appellate representation when his counsel is admittedly primarily experienced as a trial lawyer. *See Arbor Hill*, 522 F.3d at 184; *cf Luca*, 698 F. Supp. 2d at 304 (noting that "the skills needed for effective appellate advocacy are . . . rarely found — in good trial lawyers," in support of its conclusion that the fees requested by an experienced appellate advocate were reasonable) (quoting Judge Laurence H. Silberman, *Plain Talk on Appellate Advocacy*, 20 Litig. 3, 3 (Spring 1994)).  Consequently, $150 is a reasonable rate for Mr. Schweitzer.

## 2.  Reasonable Hours

When assessing whether the number of hours submitted by an attorney is reasonable, a court looks to the billing records submitted by the movant in light of "its own familiarity with the case and its experience generally." *See Harley v. Nesby*, No. 08 Civ. 5791 (KBF)(HBP), 2012 WL 1537881, at *11 (S.D.N.Y. May 2, 2012) (quoting *AFP Imaging Corp. v. Phillips Medizin Sys.*, No. 92 Civ. 6211 (LMM), 1994 WL 698322, at *1 (S.D.N.Y. Dec. 13, 1994)).  "Because attorneys' fees are dependent on the unique facts of each case," the district court retains substantial discretion in determining what constitutes a reasonable amount of time spent on the matter. *Id.*  "Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'" *Creighton v. Dominican Coll.*, No. 09-CV-3983 (TZ), 2011 WL 4914724, at *6 (S.D.N.Y. Aug.

16, 2011) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).  Further, "[i]n lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, as a practical means of trimming the fat from a fee application." *Kim v. 511 E. 5th St., LLC*, 12 Civ. 8096 (JCF), 2016 WL 6833928, at *5 (S.D.N.Y. Nov. 7, 2016).  Upon review, the record indicates that Plaintiffs' counsel's requested hours should be reduced for several reasons.

At the outset, Plaintiffs request compensation for time counsel spent on the failed direct appeal and the successful cross-appeal.  Despite their limited success on appeal, Plaintiffs argue that they are entitled to recover full attorneys' fees because the direct and cross-appeals are "inseparable," *i.e.*, they are inextricably intertwined. (Pl. Reply at 6).  When "determining the number of hours reasonably expended for purposes of calculating the lodestar, a district court should exclude . . . hours dedicated to severable, unsuccessful claims." *Quaratino*, 166 F.3d at 425.  However, "[a]ttorneys' fees may be awarded for unsuccessful claims as well as successful ones . . . where [the claims] are inextricably intertwined." *Id.*  Nonetheless, "[a]lthough full fees may be awarded to a partially prevailing plaintiff when the underlying claims are intertwined, the court retains substantial discretion to take into account the specific procedural history and facts of each case." *Green v. Torres*, 361 F.3d 96, 99 (2d Cir. 2004).

Full attorneys' fees are not warranted here.  Plaintiffs' appeal challenged the Court's findings regarding the amount of work Plaintiffs performed without compensation and the amount of statutory damages that Plaintiffs were entitled to under the NYLL, while Defendants' cross-appeal challenged, *inter alia*, the Court's determinations regarding the length and compensability of Plaintiffs' mealtimes and denial of Defendants' motion to alter or amend the judgment. (Docket No. 112 at 3).  Thus, the direct appeal can be easily severed for purposes of

calculating a fee award. *See Grochowski v. Ajet Const. Corp.*, No. 97 CIV. 6269 (NRB), 2002 WL 465272, at *4 (S.D.N.Y. Mar. 27, 2002) (limiting fee award to successful claims where the successful claims could "easily be separated and distilled").

Moreover, even if the appeals were inexplicably intertwined, the procedural history of this case counsels against awarding Plaintiffs full attorneys' fees. Unlike the precedent Plaintiffs rely on, Plaintiffs commenced appellate litigation to recover a larger damages award. (Docket No. 97). Thus, Plaintiffs involvement on appeal was originally not necessary to defend their verdict below. *See, e.g.*, *Coe v. Town of Blooming Grove*, 429 F. Appx. 55, 59 (2d Cir. 2011); *Murphy v. Lynn*, 118 F.3d 938, 952-52 (2d Cir. 1997). Moreover, the purpose of the fee-shifting statutes is not effectuated by awarding Plaintiffs full appellate attorneys' fees. *See Hines*, 2017 U.S. Dist. LEXIS 222260, at *13 (declining to award fees related to a failed cross-appeal where "Plaintiffs' [appeal] was not an attempt to protect the Court's earlier decision, but rather to convince the Second Circuit to reverse portions of that decision that reduced Plaintiffs' fees."); *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988) (a "plaintiff who, having won a judgment in the district court, appeals, seeking a greater victory — and fails utterly in his appeal — will be hard pressed to demonstrate an entitlement to his attorney's fees on appeal, even though he remains the prevailing party in the underlying litigation.").

A review of Plaintiffs' billing records indicates that a at least half of the time Plaintiffs seek compensation for was spent on the direct appeal, (*see* Pl. Invoices at 1-3), including *all* the time expended by Mr. Troy on appeal, (*see id.* at 1). Although Plaintiffs' counsel's billing records roughly indicate how much time counsel spent on the respective appeals, counsel's block billing and vague time entries prevent the Court from determining whether counsel's time was reasonably expended, and from making minute adjustments to counsel's individual timekeeping

entries. (*See, e.g.*, Pl. Invoices at 3). Counsel's use of block billing, while not prohibited in this

Circuit, "renders it difficult to determine" precisely how much time counsel spent on each

appeal, and groups together compensable and non-compensable tasks. *See Sea Spray Holdings,*

*Ltd. v. Pali Fin. Grp., Inc.*, 277 F. Supp. 2d 323, 325-26 (S.D.N.Y. 2003). Consequently, the

Court will reduce counsel's hours by a "flat" across-the-board percentage cut, instead of

adjusting individual timekeeping entries. *See id.*; *Barfield v. New York City Health and Hospitals*

*Corp.*, 537 F.3d 132, 140, 153 (2d Cir. 2008) (approving 50 percent reduction of requested fees

in FLSA action due to plaintiff's "limited success in the litigation as a whole").

Next, the billing records Plaintiffs submitted to the court are vague and "otherwise

inadequate to enable the Court to determine the reasonableness of the work performed or the

time expended,'" warranting further reduction. *Andert v. Allied Interstate, LLC*, No. 12 Civ.

7010 (PAC), 2013 WL 3833077, at *2 (S.D.N.Y. July 17, 2013) (quoting *Barlie v. Allied*

*Interstate, Inc.*, No. 12 Civ. 916(LAP)(DF), 2013 WL 795649, at *2 (S.D.N.Y. Jan. 30, 2013)).

"Courts have held that cursory entries such as 'trial prep' are too vague to support a full award of

fees, and thus justify a percentage reduction." *Orient Overseas Container v. Crystal Cove*

*Seafood*, No. 10 Civ 3166 PGG GWG, 2012 WL 6720615, at *7 (S.D.N.Y. Dec. 28, 2012).

Here, most of counsel's entries include cursory descriptions of the tasks performed. (*See* Pl.

Invoices). For example, Mr. Schweitzer's entries include descriptions such as, "brief do" and

"joint app'x do." (*See id.* at 1). In addition, there are numerous entries that simply indicate that

counsel reviewed the docket, *e.g.*, "Review 19-78 Dkt No 133+1." (*See id.* at 3). The Court is

unable to discern from these entries and others whether counsel's time was reasonably expended.

*See, e.g.*, *Harley*, 2012 WL 1537881, at *12 n.14 (reducing reasonable time expended for

purposes of lodestar calculation, where it was "difficult to tell whether the hours reflected in the

vague time entries were reasonable").  Plaintiffs' counsel's insufficiently detailed time entries thus warrant a further reduction of their requested hours. *See Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (approving 20 percent reduction of hours for vague and contradicting time entries).

Finally, a court may exclude time spent by attorneys on "less skilled work, like filing and other administrative tasks." *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011), *aff'd sub nom. E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist.*, 487 F. App'x 619 (2d Cir. 2012).  Counsel's billing records include certain administrative tasks that are entirely not compensable. *See Barfield*, 537 F.3d at 139 (affirming district court's decision that "4 hours spent on administrative tasks should not be compensated at all.").  For instance, Mr. Schweitzer billed his full rate to "pay the invoice for the Straight run copies" and "Remove all the comments from the documents." (Pl. Invoices at 2).  These entries, among others, warrant an additional reduction in Plaintiffs' hours. *See E.S.*, 796 F. Supp. 2d at 431-32.

In conclusion, taking into consideration Plaintiffs' limited success on appeal and vague billing records which include certain non-compensable tasks, the Court finds that counsel's requested hours should be reduced by 70 percent. *See, e.g.*, *Days Inn Worldwide, Inc. v. Amar Hotels, Inc.*, 2008 WL 2485407, at *10 (S.D.N.Y. June 18, 2008) (reducing requested hours by 75%).

After incorporating the aforementioned reductions, Plaintiffs are entitled to a lodestar amount of $1,821.15 in attorneys' fees, set forth in the following table:

| Timekeeper | Rate | Hours | Fee |
|---|---|---|---|
| Aaron Schweitzer | $150 | 12.141 | $1,821.15 |
| **TOTAL** | | | $1,821.15 |

III.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees is granted in part and

denied in part.  The Court awards Plaintiffs $1,821.15 in attorneys' fees.  The Clerk is

respectfully requested to terminate the pending motion (Docket No. 108).

Dated:     December 23, 2020
           White Plains, New York

                                        **SO ORDERED:**

                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge